IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDALL LUBIN,                              Case No. 6:09-cv-01043-AA
                                               OPINION AND ORDER
                Plaintiff,

        vs.

CAROLYN W. COLVIN,[1]
Commissioner of Social
Security,

                Defendant.

Tim Wilborn
Wilborn Law Offices, P.C.
P.O. Box 370578
Las Vegas, Nevada 89137

Ralph Wilborn
Ralph Wilborn & Etta L. Wilborn, P.C.
100 N. Stone Avenue, Suite 807
Tucson, Arizona 85701
        Attorneys for plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is
substituted for Michael J. Astrue as the defendant in this
action.  See 42 U.S.C § 405(g).

PAGE 1 - OPINION AND ORDER

Brett Edward Eckelberg
Office of General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98105
        Attorneys for defendant

AIKEN, Chief Judge:

Plaintiff Randall Lubin seeks attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff's request includes fees for an appeal to this Court, as well as fees for an appeal to the Ninth Circuit Court of Appeals ("Ninth Circuit"). The Commissioner of Social Security ("Commissioner") opposes plaintiff's motion on the basis that its position was substantially justified. For the reasons set forth below, plaintiff's motion is granted.

## PROCEDURAL BACKGROUND

Plaintiff initially filed his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA") on March 20, 2006. On April 9, 2009, Administrative Law Judge ("ALJ") Marilyn Mauer denied plaintiff's claim for benefits. On July 1, 2009, the Appeals Council declined review. On March 31, 2011, this Court denied plaintiff's appeal of ALJ Mauer's decision. Plaintiff then filed an appeal with the Ninth Circuit. On February 8, 2013, the Ninth Circuit issued a memorandum decision reversing and remanding this case to the Commissioner for further proceedings. Having successfully obtained a remand from the Ninth Circuit, plaintiff timely filed a motion for attorney fees and costs, in the amounts of $22,447.23 and $53.15, respectively.

PAGE 2 - OPINION AND ORDER

## STATEMENT OF THE FACTS

Born in 1957, plaintiff alleges that he became disabled on May 12, 2001.  He completed high school and has past relevant work as a concrete mason, finisher, and deliverer.

In determining whether plaintiff qualified for DIB, the ALJ completed the five step sequential process outlined in 20 C.F.R. § 404.1520.  At step one of that process, the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.  At step two, the ALJ determined that plaintiff suffered from the following severe impairments: "back pain status-post L5-5 laminectomy, status-post left ankle fracture, mild to moderate right shoulder degenerative arthritis, and major depression versus substance induced mood disorder/marijuana abuse." Tr. 50.  At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment.

Because plaintiff did not establish disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected his ability to work.  The ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work, but with the following restrictions:

> he should have the option to sit or stand at will, and he is limited to occasional overhead reaching.  He should have no exposure to hazards secondary to narcotic and marijuana use.  Mr. Lubin is also limited to one to three step tasks due to pain and prescription drug/marijuana use, and should have no contact with the public.

Tr. 51.

At step four, the ALJ found that plaintiff was unable to

PAGE 3 - OPINION AND ORDER

perform his past relevant work.  Finally, at step five, the ALJ
determined that there were a significant number of jobs in the
national and local economies that plaintiff could perform despite
his impairments.  Accordingly, the ALJ concluded that plaintiff was
not disabled within the meaning of the SSA.

## STANDARD OF REVIEW

A party that prevails against the United States government in
a civil action is entitled, in certain circumstances, to an award
of attorney fees, court costs, and other expenses under the EAJA.
See 28 U.S.C. § 2412.  In pertinent part, the EAJA provides:

> [e]xcept as otherwise specifically provided by statute,
> a court shall award to a prevailing party other than the
> United States fees and other expenses, in addition to any
> costs awarded pursuant to subsection (a), incurred by
> that party in any civil action (other than cases sounding
> in tort), including proceedings for judicial review of
> agency action, brought by or against the United States in
> any court having jurisdiction of that action, unless the
> court finds that the position of the United States was
> substantially justified or that special circumstances
> make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, the EAJA establishes a two-part test for determining
whether an award of attorney fees is appropriate.  The court must
first ascertain if the plaintiff was a prevailing party; if so, the
court must then evaluate whether the government was substantially
justified in its position and that no other special circumstances
exist for making an award of attorney fees unjust.  Flores v.
Shalala, 49 F.3d 562, 567 (9th Cir. 1995).  If the government
proves it was substantially justified, attorney fees will not be
awarded to the plaintiff.  Id.

PAGE 4 - OPINION AND ORDER

## DISCUSSION

It is undisputed that plaintiff is a prevailing party and therefore satisfies the first requirement for an award of attorney fees under 28 U.S.C. § 2412(d)(1)(A). See Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993); see also Pl.'s Am. Mem. in Supp. of Mot. Att'y Fees 2; Def.'s Resp. to Mot. Att'y Fees 2. Further, the Commissioner does not object to the amount of hours expended, the amount of costs, or the requested hourly rate. See generally Def.'s Resp. to Mot. Att'y Fees. Accordingly, plaintiff's entitlement to attorney fees hinges on whether the Commissioner was substantially justified in defending the ALJ's decision denying plaintiff's DIB application under the SSA. See Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008) ("the relevant question is whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified").

"By providing that courts 'shall' award attorneys' fees to prevailing parties, EAJA creates a presumption that fees will be awarded unless the government's position was substantially justified." Thomas v. Peterson, 841 F.2d 332, 335 (9th Cir. 1988). In order to demonstrate substantial justification, the government has the burden of demonstrating that its conduct had "a reasonable basis in both law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Thus, the government is substantially justified if its position meets "the traditional reasonableness standard - that is justified in substance or in the main, or to a degree that could

PAGE 5 - OPINION AND ORDER

satisfy a reasonable person." Id. (internal quotations omitted).

In both his appeal to this Court and to the Ninth Circuit, plaintiff argued that the ALJ erred in formulating his RFC by: (1) improperly rejecting the medical opinion evidence from his treating physician, Dr. Mechling, and examining psychologist, Dr. Shields; (2) failing to provide clear and convincing reasons for rejecting his subjective symptom statements; (3) silently rejecting the lay testimony; (4) providing "Step-3 paragraph B findings [that] conflict with [the] Step-4 RFC finding"; and (5) refusing to develop the record regarding plaintiff's alleged cognitive disorder, diplopia, and dyslexia. Pl.'s Opening Br. 14. This Court affirmed the ALJ's decision.

The Ninth Circuit, however, found that the ALJ's RFC determination and, by extension, her step five finding, was in error for three reasons. See Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001); SSR 96-8p, available at 1996 WL 374184 (when formulating a claimant's RFC and hypothetical questions posed to the VE, the ALJ is required to account for all of the limitations that are supported by substantial evidence in the record). First, the Ninth Circuit determined that the ALJ's reasons for discrediting the opinions of Drs. Mechling and Shields were legally insufficient and not supported by the record. Second, the Ninth Circuit held that the ALJ failed to adequately account for all plaintiff's functional limitations: "[a]lthough the ALJ found that Lubin suffered moderate difficulties in maintaining concentration, persistence, or pace, the ALJ [did not include a

corresponding concrete restriction supported by the medical opinion evidence] in the [RFC] determination or in the hypothetical question to the [VE]." Lubin v. Comm'r of Soc. Sec. Admin., 507 Fed.Appx. 709, 712 (9th Cir. 2013). Third, the Ninth Circuit found that, while the ALJ "erred in rejecting Lubin's wife's lay testimony," such an "error was harmless because Mrs. Lubin's testimony was substantially, if not exactly, the same as Lubin's"; however, the court "suggest[ed] the ALJ tie the reasoning of the credibility determinations to the particular witnesses whose testimony the ALJ rejects." Id. (citation, internal brackets, and internal quotations omitted). Because these errors warranted reversal and remand for further proceedings, the Ninth Circuit did "not reach Lubin's other claims of error." Id.

The Commissioner asserts that its defense of the ALJ's decision was substantially justified because its position had a reasonable basis in law and fact. In support of this assertion, the Commissioner reiterates the arguments that it raised before this Court and the Ninth Circuit. Compare, e.g., Def.'s Resp. to Mot. Att'y Fees 5-12, with Def.'s Resp. Br. 3-20. Additionally, the Commissioner contends that plaintiff's request for fees should be denied because the Ninth Circuit "left the ALJ's credibility finding and [rejection of Dr. Mechling's opinion as to plaintiff's physical impairments] undisturbed," and "two Article III courts have reviewed this case . . . and reached different conclusions." Def.'s Resp. to Mot. Att'y Fees 3, 6, 9.

Initially, "the fact that one other court agreed or disagreed

PAGE 7 - OPINION AND ORDER

with the Government does not establish whether its position was substantially justified." <u>Pierce</u>, 487 U.S. at 569; <u>see also</u> <u>United States v. Real Prop. at 2659 Roundhill Drive, Alamo, Cal.</u>, 283 F.3d 1146, 1152-53 (9th Cir. 2002). Further, to the extent that it attempts to reargue the merits of this case, the Court finds the Commissioner's opposition unpersuasive. As plaintiff notes, "advancing arguments [that] the Ninth Circuit rejected . . . contravenes long-established circuit precedent." Pl.'s Reply to Mot. Att'y Fees 1. The Ninth Circuit previously considered the arguments that the Commissioner now raises and nonetheless held that the ALJ's RFC and step five findings were not based on the proper legal standards and/or not supported by substantial evidence. As such, this Court is "bound by the previous panel's holding and rational," and cannot diverge therefrom in deciding plaintiff's entitlement to fees under the EAJA.[2] <u>Or. Natural Res.</u>

_____

[2] Even construing its arguments in opposition to plaintiff's fee petition anew, the Commissioner failed to carry its burden. The Commissioner maintains that its position as to the medical opinion evidence was substantially justified because Dr. Shields' evaluation was based on plaintiff's uncredible subjective complaints. <u>See</u> Def.'s Resp. to Mot. Att'y Fees 6-7. The Ninth Circuit noted, however, that "Dr. Shields, a licensed psychologist, found Lubin credible, and nothing in the record suggests that Dr. Shields relied on Lubin's subjective complaints more heavily than on his own clinical observations." <u>Lubin</u>, 507 Fed.Appx. at 711-12. Thus, although an ALJ may reject medical opinion evidence based on properly discredited claimant testimony, the Ninth Circuit did not reach the issue of whether plaintiff was credible and, in any event, Dr. Shields did not rely solely on plaintiff's subjective statements. Therefore, the Commissioner's position as to the ALJ's assessment of Dr. Shields' opinion was not substantially justified and, as such, this Court "need not address Plaintiff's additional arguments." <u>Coleman v. Astrue</u>, 2012 WL 4321115, *3 (D.Or. Sept. 19, 2012) (citing <u>Li v. Keisler</u>, 505 F.3d 913, 918 (9th Cir. 2007)).

PAGE 8 - OPINION AND ORDER

<u>Council v. Madigan</u>, 980 F.2d 1330, 1332 (9th Cir. 1992); <u>see also</u> <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human</u> <u>Res.</u>, 532 U.S. 598, 609 (2001) ("[a] request for attorney's fees should not result in a second major litigation").

Moreover, the Commissioner mischaracterizes the parties' appellate proceedings. Because the Ninth Circuit identified several errors that required remand for further proceedings, it explicitly did not reach plaintiff's allegations that the ALJ improperly rejected his credibility or Dr. Mechling's opinion as to his physical impairments. <u>See Lubin</u>, 507 Fed.Appx. at 712. Thus, the ALJ's findings as to these issues were unaddressed, as opposed to being "undisturbed," such that they are immaterial to the present EAJA fee petition. <u>See Hardisty v. Astrue</u>, 592 F.3d 1072, 1077-79 (9th Cir. 2010), <u>cert. denied</u>, 131 S.Ct. 2443 (2011). In any event, plaintiff's credibility was not dispositive; the Ninth Circuit expressly stated that a claimant's lack of credibility is not a clear and convincing reason to reject an examining doctor's assessment where, as here, "the doctor does not discredit those complaints and supports his ultimate opinion with his own observations." <u>Lubin</u>, 507 Fed.Appx. at 711 (citation and internal quotations omitted).

Aside from the aforementioned, the Commissioner does not provide any additional reasons why its position was substantially justified. <u>See generally</u> Def.'s Resp. to Mot. Att'y Fees. Accordingly, because the Commissioner failed to meet its burden that its position was substantially justified, this Court need not

PAGE 9 - OPINION AND ORDER

individually address each rationale proffered by the Ninth Circuit
for reversing and remanding the ALJ's decision. See Coleman, 2012
WL 4321115 at *3.    Nevertheless, the Court notes that the Ninth
Circuit relied heavily on established precedent in finding that the
ALJ erred, indicating that the Commissioner's position did not have
a reasonable basis in law. See Lubin, 507 Fed.Appx. at 710-712.

In sum, "[c]ourts have declined to find substantial
justification for the Commissioner's position based on a variety of
failures by the ALJ." Hodgson v. Astrue, 2012 WL 786352, *3 (D.Or.
Feb. 16), adopted by 2012 WL 786943 (D.Or. Mar. 9, 2012)
(collecting cases).    The "unusual" cases in which the
Commissioner's position has been found to be substantially
justified are fact-specific and typically contingent upon whether
the ALJ's characterization of the evidence was reasonable. Id.;
see also Thangaraja v. Gonzales, 428 F.3d 870, 874-74 (9th Cir.
2005) ("it will be only a decidedly unusual case in which there is
substantial justification under the EAJA even though the agency's
decision was reversed as lacking in reasonable, substantial and
probative evidence in the record") (citation and internal
quotations omitted).    Here, while the parties have not cited to,
and the Court is not aware of, any directly on-point precedent, I
find that this case is akin to those finding no substantial
justification. See, e.g., March v. Astrue, 2012 WL 1597377, *2-3
(D.Or. May 4, 2012) (the Commissioner's position was substantially
unjustified where the Ninth Circuit found that the ALJ's RFC failed
to account for all of the claimant's impairments); see also

Hodgson, 2012 WL 786352 at *2-3; Coleman, 2012 WL 4321115 at *3;
Aranda v. Astrue, 2011 WL 2413996, *2-3 (D.Or. June 8, 2011);
Horton v. Comm'r Soc. Sec. Admin., 2013 WL 3146827, *1-2 (D.Or.
June 18, 2013); Shafer, 518 F.3d at 1071-72 (citing Corbin v.
Apfel, 149 F.3d 1051, 1052-53 (9th Cir. 1998)).    Therefore,
plaintiff's motion for fees and costs under the EAJA is granted.

### CONCLUSION

The Commissioner's position is not substantially justified.
Accordingly, plaintiff's amended EAJA application (doc. 35) is
GRANTED.  Plaintiff is awarded fees, in the sum of $22,447.23, and
costs, in the amount of $53.15.

IT IS SO ORDERED.
Dated this 30 day of August 2013.

_____
Ann Aiken
United States District Judge